UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Case No. CR-19-15-G |
| | ) |
| JAYLYN MARQUICE BELL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is the Government's Motion (Doc. No. 143) seeking to stay the Court's decision on its previously filed request for restitution and to continue the hearing on that request pending a decision by the Tenth Circuit Court of Appeals in *United States v. Anthony*, No. 21-6015 (10th Cir. filed Feb. 4, 2021). The Government represents that the appellate decision may provide additional guidance as to the Court's application of the statutory causation standard and the calculation of restitution in this matter. The Government's Motion is unopposed by Defendant Jaylyn Marquice Bell, and Defendant previously was advised that restitution will be ordered. *See* Plea Agt. ¶¶ 5, 6 (Doc. No. 68); Sent'g Min. (Doc. No. 87); J. (Doc. No. 88); *see also Dolan v. United States*, 560 U.S. 605, 608 (2010).

For good cause shown, the Government's Motion (Doc. No. 143) is GRANTED. A decision on the Government's request for restitution shall be stayed and a hearing on that request shall be continued until further order of the Court. The Government shall file a

written status report advising the Court of any developments within seven (7) days of the Tenth Circuit's issuance of a decision in *United States v. Anthony*.

Also pending before the Court is a Motion (Doc. No. 141) filed through counsel for Defendant. In the Motion, Defendant presents two requests. First, Defendant asks that his previously filed Motion to Waive Appearance/Presence for Restitution Hearing or, In the Alternative, to Continue Restitution Hearing (Doc. No. 128), as well as his Waiver of Appearance for Restitution Hearing (Doc. No. 129), be withdrawn and stricken. *See* Def.'s Mot. at 3. Second, Defendant requests that he be permitted to appear at the hearing on the Government's pending restitution request via video teleconferencing. *See* Def.'s Mot. at 3; *id.* Ex. 1 (Doc. No. 141-1) (Consent to Appear by Video Conference signed by Defendant and his counsel); *see also* Gen. Order Nos. 20-9.1, 21-5.1 (W.D. Okla.) (authorizing felony sentencings to be conducted via video teleconferencing "with the consent of the defendant after consultation with counsel" and upon specific findings by the presiding judge).

Defendant's Motion (Doc. No. 141) is GRANTED IN PART and DENIED IN PART. As to Defendant's first request, although the Court shall not strike the Motion and Waiver (Doc. Nos. 128, 129) from the case record, they are hereby DEEMED WITHDRAWN. The Court's Order granting Defendant's prior request to waive his presence at the restitution hearing (Doc. No. 130) shall be and is VACATED.

As to Defendant's second request, given the stay of the restitution hearing imposed by this Order and the likelihood of changed circumstances by the time the hearing is conducted, the Court DECLINES to make the requisite findings and DENIES Defendant's

request to appear via video teleconferencing. This denial is issued without prejudice to Defendant reurging his request, if he desires to do so, upon resumption of restitution proceedings in this matter.

    IT IS SO ORDERED this 9th day of June, 2021.

CHARLES B. GOODWIN
United States District Judge